IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| XENIA BLANKINSHIP, SPANLINE DIXON, and JEFFREY WATERS, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GEORGIA PACIFIC LLC,<br><br>    Defendant. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendant Georgia-Pacific LLC hereby removes this action from the Superior Court of Glynn County, Georgia, where it is presently pending, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of removal, Georgia-Pacific LLC submits the following:

## FACTUAL BACKGROUND

1. This case arises from claims Plaintiffs Xenia Blankinship, Spanline Dixon, and Jeffrey Waters (collectively "Plaintiffs") assert against Georgia-Pacific LLC, the only named Defendant (which, as noted below, should be Brunswick Cellulose, LLC) in the Superior Court of Glynn County, Georgia, where it was assigned Docket/Case No. CE22-01084. Until removed pursuant to this Notice, the action was pending in that Court.

2.  In accordance with 28 U.S.C. § 1446(a), Exhibit A to this Notice comprises all pleadings, including Plaintiffs' summons and Complaint served upon the Defendant.

3.  Plaintiffs filed the initial Complaint on October 20, 2022. Plaintiffs served Georgia-Pacific LLC on November 7, 2022. Ex. A.

4.  The allegations comprising Plaintiffs' claims are that:

1

    a.    The operation, maintenance, and design of the cellulose fluff pulp mill located at 1400 9th Street, Brunswick, Georgia (the "Facility") releases noxious odors onto the private residential properties of Plaintiffs and Plaintiffs' proposed class, causing property damage through nuisance, trespass, and negligence.

    b.    More than 65 neighboring residents have reported to Plaintiffs' counsel that they have experienced and are adversely impacted by the noxious odor emissions and 295 complaints of the odors have been registered.

    c.    Several thousand households are contained within Plaintiffs' proposed class geographic area, which Plaintiffs allege sustained property damage, including but not limited to interference with the ability to use and enjoy their properties, impacted property values, and deprivation of the full value of their properties.

## NOTICE OF REMOVAL IS TIMELY

5.    The instant Notice of Removal is timely, as "the 30–day period for removal begins to run when the defendant is formally served with the summons and complaint." *Gardner v. TBO Cap. LLC,* 986 F. Supp. 2d 1324, 1330 (N.D. Ga. 2013). Additionally, this notice was filed within one year of the Lawsuit being commenced.

6.    Plaintiffs filed their original pleading on October 20, 2022. The Complaint and summons were served upon Defendant Georgia-Pacific LLC on November 7, 2022. *See* Ex. A, Service of Process Notice. Upon information and belief, no other Defendant has been Named in Plaintiffs' Complaint or properly served.

7.    No previous request has been made for the relief requested in this Notice.

## COMPLETE DIVERSITY JURISDICTION

8.  This action is a civil action within the meaning of the Acts of Congress and may be removed pursuant to 1441(a).

9.  Diversity jurisdiction exists where any member of class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. §§ 1332 and 1441.

10. The Complaint alleges that Plaintiff Xenia Blankinship is domiciled in Georgia and thus is a citizen of Georgia. (Ex. A, Complaint ¶¶ 4, 26).

11. The Complaint alleges that Plaintiff Spanline Dixon is domiciled in Georgia and thus is a citizen of Georgia. (Ex. A, Complaint ¶¶ 5, 28).

12. The Complaint alleges that Plaintiff Jeffrey Waters is domiciled in Georgia and thus is a citizen of Georgia (Ex. A, Complaint ¶¶ 6, 30).

13. Plaintiffs' own description of the proposed class limits the entire proposed class to Georgia residents. Ex. A, Complaint ¶ 43); *see also* 28 U.S.C. § 1332(d)(7).

14. Although Georgia-Pacific LLC was named as the Defendant in this action, Brunswick Cellulose LLC – not Georgia-Pacific LLC – is the proper party as it is the owner and operator of the Facility that is the subject of this lawsuit. (Exhibit B, Affidavit of Mark Berry ¶ 4).

15. Regardless, the citizenships of both Georgia-Pacific LLC and Brunswick Cellulose LLC are the same for purposes of diversity jurisdiction: both are citizens of Delaware and Kansas. Ex. B, Affidavit of Mark Berry ¶ 5.

16. When determining diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004) (internal citations

omitted). When a Defendant is comprised of multiple layers of entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 189 (110 S. Ct. 1015) ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members."); *see also Hicklin Eng'g L.C. v. Bartell*, 439 F. 3d 346, 347 (7th Cir. 2006) ("The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporation, and other entities that have multiple citizenships. A federal court thus needs to know each member's members' citizenship.")

17. The members of Georgia-Pacific LLC and Brunswick Cellulose LLC are as follows:

d. Brunswick Cellulose LLC is a Delaware limited liability company whose sole member is GP Cellulose, LLC, a Delaware limited liability company.

e. GP Cellulose, LLC's sole member is GP Packaging and Cellulose Operations Holdings LLC, a Delaware limited liability company.

f. GP Packaging and Cellulose Operations Holdings LLC's sole member is GPPC Equity Holdings LLC, a Delaware limited liability company.

g. GPPC Equity Holdings LLC's sole member is Georgia-Pacific LLC, a Delaware limited liability company.

h. Georgia-Pacific LLC's sole member is Georgia-Pacific Holdings, LLC, a Delaware limited liability company.

i. Georgia-Pacific Holdings, LLC's sole member is Georgia-Pacific Equity Holdings LLC, a Delaware limited liability company.

  j.  Georgia-Pacific Equity Holdings LLC's sole member is Koch Renewable Resources, LLC, a Delaware limited liability company.

  k.  Koch Renewable Resources, LLC's sole member is Koch Industries, Inc., a Kansas corporation.

  l.  Koch Industries, Inc. is a Kansas corporation with its principal place of business in Wichita, Kansas.

Ex. B, Affidavit of Mark Berry ¶ 5; *see also* Exhibit C (Georgia Secretary of State Printouts for Brunswick Cellulose LLC and Georgia-Pacific LLC).[1]

 18. Accordingly, because Georgia-Pacific LLC and Brunswick Cellulose LLC are both Delaware LLCs wholly owned by other Delaware LLCs that are wholly owned by parent corporation, Koch Industries, Inc. a Kansas citizen, both companies are citizens of Delaware and Kansas for purposes of diversity jurisdiction.[2] *Id.* at ¶ 5; *see also RES-GA Creekside Manor, LLC v. Star Home Builders, Inc.*, No. 2:10-CV-207- RWS, 2011 WL 6019904, at *2 (N.D. Ga. Dec. 2, 2011). Thus, complete diversity of citizenship exists here because Plaintiffs (and the proposed class members) are alleged to be citizens of Georgia. *See* 28 U.S.C. § 1332(d)(2)(A).

 19. Although Georgia-Pacific LLC disputes liability and damages, it is evident that the Named Plaintiffs purport to allege claims for monetary damages that, if granted, would exceed the amount in controversy of $75,000, exclusive of interest and costs, as each Plaintiff is

---

[1] Defendant requests the Court take judicial notice of the contents of the Georgia Secretary of State's records for these two entities, found in Exhibit C. *See* Fed. R. Evid. 201; *see also Siegel v. LePore*, 234 F.3d 1163, 1196 (11th Cir. 2000); *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, No. CV 120-100, 2022 WL 4588587, at *3 (S.D. Ga. Sept. 29, 2022)

[2] Plaintiffs' Complaint wrongly asserts that Georgia-Pacific LLC is a Georgia citizen because its "managers" are citizens of Georgia. (Ex. A, Complaint ¶ 7) However, as mentioned above, Georgia-Pacific LLC's *members* – the metric by which an LLC's citizenship is determined – are citizens of Delaware and Kansas, not Georgia. *See also* Ex. B.

alleging damages including past, present and future nuisance and trespass damages, past, present, and future diminution in property value, personal residential damages, and injunctive relief on behalf of the Facility. Plaintiffs also seek special damages for negligence, attorney fees and costs, and injunctive relief. As a result, even a modest alleged damage amount for each Plaintiff, plus the requested additional attorneys' fees, would exceed $75,000.

## DIVERSITY JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

20. This Court also has diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

21. Under CAFA, federal courts have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate; there is minimal (as opposed to complete) diversity among the parties, i.e., any class member and any defendant are citizens of different states; and there are at least 100 members in the class. 28 U.S.C. § 1332(d).

### I. Minimal Diversity Exists

22. As explained *supra*, ¶¶ 7-15, Plaintiffs Xenia Blankinship, Spanline Dixon, and Jeffrey Waters are citizens of Georgia, (Ex. A, Complaint ¶¶ 4-6, 26, 28, 30), while Defendant Georgia-Pacific LLC and, the proper party, Brunswick Cellulose LLC are citizens of Delaware and Kansas. (Ex. B, Affidavit of Mark Berry ¶ 5); *see* 28 U.S.C. § 1332(c)(1); 1332(d)(7).

23. Accordingly, because Georgia-Pacific LLC and Brunswick Cellulose LLC are citizens of different states than Plaintiffs, the minimal diversity requirement is met. *See* 28 U.S.C. § 13332(d)(2)(A).

### II. The Amount In Controversy is Met.

24. Although Georgia-Pacific LLC disputes liability and damages, it is evident that the Named Plaintiffs purport to allege claims for themselves and the proposed class members for

6

monetary damages that, if granted, would, in the aggregate, exceed CAFA's $5 million requirement. 28 U.S.C. § 1332(d)(6) (under CAFA, "the claims of the individual class members shall be aggregated[.]")

25. Although a removing defendant has the burden of proving the existence of federal jurisdiction, "where a Plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds, Cohen v. Office Depot, Inc.*, 204 F3d 1069 (11th Cir. 2000). The legislative history of CAFA makes clear that the amount-in-controversy requirement is satisfied "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." S. REP. No. 109-14 at 42 (2005); *see also Thompson v. Louisiana Reg'l Landfill Co.*, 365 F. Supp. 3d 725, 730 (E.D. La. 2019)

26. In determining the amount in controversy on removal, "the court will consider first whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. If it is not, the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy is satisfied." *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citation omitted)

27. Here, Plaintiffs allege in the Complaint that emissions of "noxious odors" and "malodorous gases [that] primarily take the form of hydrogen sulfide" which emit and continue to emit, objectionable, noxious odors "on intermittent and reoccurring dates too numerous to individually recount" have caused "substantial and unreasonable interference with the use and

7

enjoyment of the full value of their properties." Ex. A, Complaint ¶¶ 16, 20, 36, 41. Plaintiffs propose a class of:

> All owner/occupants and renters of residential property who have within 4 years of the filing of this complaint, resided within the following geographic area:
>
> Beginning at the corner of Gloucester Street and Highway 17. North on Highway17 to U.S. Route 25 also known as Golden Isles Parkway. Northwest on Georgia State Route 303 to the East Rivercoastline. East Rivercoastline south to Gloucester Street. Easton Gloucester Street to the starting point of Gloucester Street and Highway 17.

*Id.* at ¶ 43.

28. Plaintiffs also allege that "[t]here are **several thousand households** in the proposed class," *id.* at ¶ 44 (emphasis added), that "[m]ore than 65 neighboring residents have reported to Plaintiffs' counsel that they have experienced and are adversely impacted by Defendant's noxious odor emissions," *id.* at ¶ 24, and that "[b]etween December 2020 and December 2021, the GEPD Coastal District reports that there have been 235 air quality complaints." *Id.* at ¶ 32.

29. Further, Plaintiffs allege that "[m]embers of the public…have experienced and been harmed by the fugitive noxious odors emitted from the Facility into public spaces", *id.* at ¶ 35, that "[s]eparate and distinct from the property damage incurred by Plaintiffs and the putative class, Defendant's emissions have substantially interfered with rights common to the general public, including the right to uncontaminated and/or unpolluted air, causing damages to all those persons who come within the Facility's sphere of operation," *id.* at 67, and that these noxious odors "caused Plaintiffs and the Class substantial harm." *Id.* ¶¶ at 25, 80.

30. In regard to damages, Plaintiffs' request "compensatory damages arising from the property damages they suffered and any recoverable attorneys' fees and costs, including pre-judgment and post-judgment interest…Injunctive relief not inconsistent with Defendant's

8

federally and state enforced air permits…An Order holding that entrance of the aforementioned noxious odors upon Plaintiffs' property constituted negligence and nuisance…" and also allege "annoyance or interference," property damage "through diminution in property value, deprivation of full value of property, and interference with use and enjoyment of property," and physical damage to Plaintiffs' "private residential property." *Id.* at ¶¶ 36, 46, 66, 71, 75, 84, and Prayer for Relief.

31. Accordingly, because of the breadth of Plaintiffs' proposed class (*at minimum* 2,000 households) and the wide-ranging allegations of odor nuisance, each of the class members' claims for nuisance, trespass, and negligence would only have to average $2,500-$5,000 per plaintiff, not to mention the attorneys' fees or the widespread injunctive relief requested. Thus, the aggregated amount of damages alleged for each class member facially satisfy the requirement of $5,000,000 in controversy. *Addison v. Louisiana Reg'l Landfill Co.*, 398 F. Supp. 3d 4, 11 (E.D. La. 2019) (finding in landfill odor class action it was "facially apparent that the aggregate amount in controversy exceeds $5,000,000" because "the actions consolidated in state court were filed by over 600 Plaintiffs seeking various damages…includ[ing] loss of use and enjoyment of their property, diminution in property value, and physical and mental injury."); *Thompson v. Louisiana Reg'l Landfill* Co., 365 F. Supp. 3d 725, 730 (E.D. La. 2019) (holding that landfill odor class action satisfied amount in controversy based on number of odor complaints received and number of people residing in the broad geographic class area); *Priselac v. Chemours Co.*, 561 F. Supp. 3d 562, 570 (E.D.N.C. 2021) (basing amount in controversy on "breadth of the damages sought and size of the putative class")

32. Even if the Court finds that the amount in controversy is not apparent from the proposed class size and breadth of damages sought alone, "Defendants may introduce their own

9

affidavits, declarations, or other documentation—provided of course that removal is procedurally proper." *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 755 (11th Cir. 2010)

33. "The general rule for the measure of damages involving real property is the diminution of the fair market value of the property and/or the cost of repair or restoration, but limited by the fair market value at the time of the breach or tort." *Unified Gov't of Athens Clarke Cnty. v. North,* 250 Ga. App. 432, 438–39, 551 S.E.2d 798, 804 (2001)

34. Accordingly, because the Named Plaintiffs allege damage to the value of their properties, the maximum amount of potential damages – and thus the amount put in controversy – is the fair market value of each residential property in the proposed class.

35. Based on the proposed class of at least 2,000 households in the City of Brunswick, Glynn County (Ex. A, Complaint ¶ 43) and based on publicly available data from the U.S. Census Bureau,[3] the median value of owner-occupied housing units from 2016-2020 was $102,600.[4]

36. In addition to damages for diminution in property value, Plaintiffs also allege a common question of the proposed class is "whether the degree of harm suffered by Plaintiffs and the Class constitutes a substantial and unreasonable annoyance or interference." Ex. A, Complaint ¶ 46. In Georgia, "[d]amages for discomfort and annoyance caused to the owner and

---

[3] *See* https://www.census.gov/quickfacts/fact/table/brunswickcitygeorgia/LND110210. Defendant requests the Court take judicial notice of the "Median value of owner-occupied housing units, 2016-2020" data set from the US Census Bureau, which can be accessed at the above link. *See* Fed. R. Evid. 201; *see also Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571–72 (5th Cir. 2011) ("United States census data is an appropriate and frequent subject of judicial notice.")

[4] Additionally, U.S. Census data compiled by Data USA, a joint program between Deloitte, Datawheel, and Cesar Hidalgo, Professor at the MIT Media Lab and Director of Collective Learning), found that the 2020 median property value in Brunswick, Georgia was $167,100. *See* https://datausa.io/profile/geo/brunswick-ga-31000US15260

his family are separate and distinct from damage to the value of the realty." *City of Atlanta v. Murphy,* 194 Ga. App. 652, 653, 391 S.E.2d 474, 476 (1990); *see also Toyo Tire N. Am. Mfg., Inc. v. Davis,* 299 Ga. 155, 165, 787 S.E.2d 171, 180 (2016)

37. Taking this amount and multiplying it by the alleged proposed class member properties (*minimum* 2,000), the amount put in controversy by the Complaint is at least $205,200,000 which far exceeds CAFA's $5 million jurisdictional threshold.

38. Plaintiffs have not limited their demand for damages to less than $5,000,000.[5]

39. In addition, Georgia courts have affirmed large awards for cases solely involving temporary nuisance with less individuals than in Plaintiffs' class, demonstrating that a factfinder might find for Plaintiffs with a large measure of damages. *See Davis v. Toyo Tire North America Mfg. Inc.,* 2017 WL 4369392, pending in the Georgia Superior Court, Cherokee Judicial Circuit, Bartow County (February 14, 2017) (jury awarded two plaintiffs $50,000 in compensatory odor nuisance damages, in addition to plaintiffs' attorney fees and expenses of litigation); *see also Simerly v. Pulte Home Corp.,* 2011 WL 5438800, pending in Gerogia Superior Court, Bel-Forsyth Judicial Circuit, Forsyth County (2011) (jury awarded six plaintiffs $2,059,312 in compensatory damages and attorneys' fees for negligence, nuisance, and trespass).

40. These cases are akin to the case at bar because they involve allegations of odor nuisance or other temporary nuisance which Plaintiffs claim resulted in property damage and

---

[5] This is likely because Plaintiffs' national counsel, Liddle Sheets Coulson PC, has recently obtained numerous settlements for similar class actions based on noxious emissions around the county. *See* https://www.lsccounsel.com/results (noting $9.5 million settlement, including significant improvements designed to reduce emissions, for residents of Granada Hills neighborhood who alleged noxious odors from nearby landfill in *Michaely v. Republic Services of California* and $8.5 million settlement, including significant facility improvements, for residents of Clairton, Pennsylvania alleging emissions from steelmaking coke plant in *Ross v. United States Steel Corporation*).

required remediation or injunctive relief. These awards were in the case of husband and wife plaintiffs, not class actions. It is therefore reasonable to infer that had these allegations of nuisance, trespass, and negligence been pleaded across a class the size of Plaintiffs' proposed class, the award would be in excess of $5,000,000. The decisions in these cases establish that under Georgia law a fact finder could reasonably determine that Plaintiffs' claims against Defendant could result in an award of damages in excess of $5,000,000, exclusive of interest and costs.

41. Lastly, Plaintiffs allege injunctive relief. *See* Ex. A, Complaint ¶ 71, Prayer for Relief. "For amount in controversy purposes…the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Anderson v. Wilco Life Ins. Co.,* 943 F.3d 917, 925 (11th Cir. 2019) Further, for purposes of CAFA, courts "aggregate the claims of individual class members and consider the monetary value that would flow to the entire class if [injunctive or] declaratory relief were granted." *Id.*

42. Though the costs of all actions needed to stop odor emissions or to close the Facility have not been specifically pled, they need to be considered in determining the amount in controversy, and would more likely than not, coupled with the aforementioned damages, exceed $5,000,000. *See Thompson v. Louisiana Reg'l Landfill Co.*, 365 F. Supp. 3d 725, 731 (E.D. La. 2019) ("Looking from the defendant's viewpoint, assuming an injunction lasted 218 days, which is not an unreasonable assumption, the Waste Connections Defendants' loss would exceed $ 5 million in revenues. This amount also would satisfy CAFA's amount-in-controversy requirement.")

43. Based on the foregoing and because Plaintiffs seek varied damages across a broad class definition in a metropolitan area, Plaintiffs' allegations and relevant Georgia law establish

it is more likely than not that the Plaintiffs' claims exceed the amount in controversy requirement of $5,000,000.

### III.     Numerosity Requirement is Met.

44.     As noted above, Plaintiffs allege that "[t]here are several thousand households in the proposed class. Accordingly, the members of the Class are so numerous that joinder of all parties is clearly impracticable" Ex. A, Complaint ¶ 44. Thus, Planitiffs allege at least 2,000 potential class members, 64 of which Plaintiffs' counsel have already spoken with. *Id.* at ¶ 24.

45.     Based upon Plaintiffs' allegations, the putative class size is well-over 100 and thus satisfies 28 U.S.C. §1332(d)(5)(B).

46.     For the foregoing reasons, this action is properly removed to this Court pursuant to CAFA. *See* 28 U.S.C. § 1332(d).

## REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER

47.     Removal to this Court is proper because the Southern District of Georgia includes Glynn County, Georgia, the location of the court in which the Complaint was originally filed. 28 U.S.C. ¶ 90(c) and 1441(a).

## DEFENDANT HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS OF REMOVAL

48.     Immediately upon the filing of this Notice, a copy of same will be filed with the Clerk of the Superior Court of Glynn County, Georgia as required by 28 U.S.C. § 1446(d), and notice of this filing will be given to all parties.

49.     There are no other defendants, so consent from additional defendants is not required.

50.     Defendant has not answered the Complaint in state court, and will do so consistent with Fed. R. Civ. P. 8.

## RESERVATIONS

51.     Georgia-Pacific LLC and Brunswick Cellulose LLC hereby reserve all defenses and objections to the Complaint, including but not limited to: lack of personal jurisdiction, improper venue, forum non conveniens, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief can be granted, and failure to satisfy the requirements of class certification.

WHEREFORE, Georgia-Pacific LLC hereby removes this action from the Superior Court of Glynn County, Georgia to the United States District Court for the Southern District of Georgia for further proceedings.

Respectfully submitted, this __6th__ day of December, 2022

ELLIS PAINTER

/s/ _____
Quentin Marlin, Georgia Bar No. 567040
Philip Thompson, Georgia Bar No. 963572
7 East Congress Street, 2nd Floor
Savannah, Georgia 31401
(912) 233-9700 telephone
(912) 233-2281 fax
qmarlin@ellispainter.com
pthompson@ellispainter.com

William G. Beck (*Pro Hac Vice to be Submitted*)
Mara H. Cohara (*Pro Hac Vice to be Submitted*)
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
(816) 292-2000 telephone
(816) 292-2001 fax
william.beck@lathropgpm.com
mara.cohara@lathropgpm.com

and

14

Jessica J.O. King (*Pro Hac Vice to be Submitted*)
WILLIAMS MULLEN
First Citizens Bank Building
1230 Main Street, Suite 330
Columbia, South Carolina 29201
(803) 567-4602 telephone
(803) 567-4601 fax
Jking@williamsmullen.com

ATTORNEYS FOR DEFENDANT
GEORGIA-PACIFIC LLC