# EXHIBIT A



**Computershare Governance Services, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

11/08/2022

Georgia-Pacific LLC
Emily O.  Valladares - Law Department
Koch Companies Public Sector, LLC
133 Peachtree Street, NE
Atlanta GA 30303

# SERVICE OF PROCESS NOTICE

Item: 2022-1473

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Georgia-Pacific LLC |
| 2. | **Title of Action:** | Xenia Blankinship, et al. vs. Georgia Pacific LLC |
| 3. | **Document(s) Served:** | Summons<br>General Civil and Domestic Relations Case Filing Information Form<br>Class Action Complaint and Jury Demand |
| 4. | **Court/Agency:** | Glynn County Superior Court, Georgia |
| 5. | **State Served:** | Georgia |
| 6. | **Case Number:** | CE22-01084 |
| 7. | **Case Type:** | Nuisance |
| 8. | **Method of Service:** | Certified Mail |
| 9. | **Date Received:** | Monday 11/07/2022 |
| 10. | **Date to Client:** | Tuesday 11/08/2022 |
| 11. | **# Days When Answer Due<br>Answer Due Date:** | 30<br>Wednesday 12/07/2022 <span style="color:red">CAUTION:</span> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Mario A. Pacella<br>Brunswick, GA<br>912-264-6465 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 111 |
| 16. | **Notes:** | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

Phone: 866 820 7754, Option 2 | www.cgsregisteredagent.com

## IN THE SUPERIOR COURT OF GLYNN COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| XENIA BLANKINSHIP, SPANLINE DIXON, and JEFFREY WATERS, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>GEORGIA PACIFIC LLC,<br><br>        Defendant. | )<br>)<br>)<br>)<br>) Case No. CE22-01084<br>)<br>) **SUMMONS**<br>)<br>)<br>)<br>) |

To Georgia Pacific, LLC, 133 Peachtree Street, NE, Atlanta, Georgia, 30303 and its

Registered Agent CT Corporations Systems:
United Agent Group Inc.,
2985 Gordy Parkway, 1ˢᵗ Floor
Marietta, GA 30066

You are hereby summoned and required to file with the Clerk of said Court and serve

upon the Plaintiffs' attorney, whose name and address is:

Mario A. Pacella
P.O. Box 1635
Brunswick, GA 31521
Tel: 912-264-6465

An answer to the Complaint, which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the compliant.

This 20th day of OCTOBER, 2022

The Honorable Ronald M. Adams
Clerk of Superior Court

By: /s/ Madison Browning
Deputy Clerk

1

# General Civil and Domestic Relations Case Filing Instructions

1. Provide the class of court and county in which the case is being filed.
2. Provide the plaintiff's and defendant's names.
3. Provide the plaintiff's attorney's name and State Bar number. If you are representing yourself, provide your own name and check the self-represented box.
4. Provide the primary type of case by checking only *one* appropriate box. Cases can be either general civil or domestic relations and only *one* type of primary case within those categories. Check the case type that most accurately describes the primary case. If applicable, check one sub-type under the primary case type. If you are making more than one type of claim, check the case type that involves the largest amount of damages or the one you consider most important. See below for definitions of each case type.
5. Provide an answer to the four questions by checking the appropriate boxes and/or filling in the appropriate lines.

**Case Type Definitions**

### General Civil Cases

**Automobile Tort**: Any tort case involving personal injury, property damage, or wrongful death resulting from alleged negligent operation of a motor vehicle.

**Civil Appeal**: Any case disputing the finding of a limited jurisdiction trial court, department, or administrative agency.

**Contempt/Modification/Other Post-Judgment**: Any case alleging failure to comply with a previously existing court order, seeking to change the terms of a previously existing court order, or any other post-judgment activity in a general civil case.

**Contract**: Any case involving a dispute over an agreement between two or more parties.

**Garnishment**: Any case where, after a monetary judgment, a third party who has money or other property belonging to the defendant is required to turn over such money or property to the court.

**General Tort**: Any tort case that is not defined or is not attributable to one of the other types of torts listed.

**Habeas Corpus**: Any case designed to review the legality of the detention or imprisonment of an individual, but not the question of his or her guilt or innocence.

**Injunction/Mandamus/Other Writ**: Cases involving a written court order directing a specific person to perform or refrain from performing a specific act.

**Landlord/Tenant**: Any case involving a landlord/tenant dispute if the landlord removed a tenant and his or her property from the premises or placed a lien on the tenant's property to repay a debt.

**Medical Malpractice Tort**: Any tort case that alleges misconduct or negligence by a person in the medical profession acting in a professional capacity, such as doctors, nurses, physician's assistants, dentists, etc.

**Product Liability Tort**: Any tort case that alleges an injury to a person was caused by the manufacturer or seller of an article due to a defect in, or the condition of, the article sold or an alleged breach of duty to provide suitable instructions to prevent injury.

**Real Property**: Any case involving disputes over the ownership, use, boundaries, or value of land.

**Restraining Petition**: Any petition for a restraining order that does not result from a domestic altercation or is not between parties in a domestic relationship.

**Other General Civil**: Any case that does not fit into one of the other defined case categories in which a plaintiff is requesting the enforcement or protection of a right or the redress or prevention of a wrong.

### Domestic Relations Cases

**Adoption**: Cases involving a request for the establishment of a new and permanent parent-child relationship between persons not biologically parent and child.

**Contempt**: Any case alleging failure to comply with a previously existing court order. If the contempt action deals with the non-payment of child support, medical support, or alimony, also check the corresponding sub-type box.

**Dissolution/Divorce/Separate Maintenance/Alimony**: Any case involving the dissolution of a marriage or the establishment of alimony or separate maintenance.

**Family Violence Petition**: Any case in which a protective order from a family member or domestic partner is requested.

**Modification**: Any case seeking to change the terms of a previously existing court order. If the modification deals with custody, parenting time, or visitation, also check the corresponding sub-type box.

**Paternity/Legitimation**: Cases involving establishment of the identity and/or responsibilities of the father of a minor child or a determination of biological offspring.

**Support – IV-D**: Cases filed by the Georgia Department of Human Services to request maintenance of a minor child by a person who is required under Title IV-D of the Social Security Act of 1973 (42 USC §§ 651-669b) to provide such maintenance.

**Support – Private (non-IV-D)**: Cases filed to request maintenance of a parent/guardian or a minor child by a person who is required by a law other than Title IV-D of the Social Security Act of 1973 (42 USC §§ 651-669b) to provide such maintenance.

**Other Domestic Relations**: Domestic relations cases that do not adequately fit into any of the other case types, including name changes.

**Please note:** This form is for statistical purposes only. It shall have no legal effect in a case. The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or court rules. Information on this form will not be entered into evidence.

## General Civil and Domestic Relations Case Filing Information Form

☑ Superior or ☐ State Court of  Glynn _____ County

| For Clerk Use Only | |
|---|---|
| Date Filed  10/20/2022 | Case Number  CE22-01084 |
| MM-DD-YYYY | |

**Plaintiff(s)**

| Blakens | Xenia | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Dixon | Spaline | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Waters | Jeffrey | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| Georgia | Pacific | LLC | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney  Mario A. Pacella _____  State Bar Number  558519  Self-Represented ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**               **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

FILED - MB
GLYNN CO. CLERK'S OFFICE
Filed 10/20/2022 1:06 PM
Accepted 10/20/2022 1:43 PM
CASE # CE22-01084

*Ronald M Adams*

CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY

## STATE OF GEORGIA

XENIA BLANKINSHIP, SPANLINE
DIXON, and JEFFREY WATERS, on behalf
of themselves and all others similarly
situated,

        Plaintiffs,

vs.

GEORGIA PACIFIC LLC,

        Defendant.

)
)
)
)
) Case No. CE22-01084
)
) JUDICIAL OFFICER: JUDGE GUY
)
)
)
)
)

## CLASS ACTION COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.      Plaintiffs bring this action against Georgia Pacific LLC ("Defendant") for the operation of its cellulose fluff pulp mill located at 1400 9th Street, Brunswick, Georgia (the "Facility").

2.      Defendant's Facility is surrounded by private, residential properties.

3.      Through the Facility's operation, maintenance, and design, Defendant releases noxious odors onto the private residential properties of Plaintiffs and the Class, causing property damage through nuisance, trespass, and negligence.

### THE PARTIES

4.      Plaintiff Xenia Blankinship does reside and at all relevant times has resided at 3303 Altama Avenue, City of Brunswick, State of Georgia.

1

5.      Plaintiff Spanline Dixon does reside and at all relevant times has resided at 2226 Pinewood Drive, City of Brunswick, State of Georgia.

6.      Plaintiff Jeffrey Waters does reside and at all relevant times has resided at 135 Deloach Street, City of Brunswick, State of Georgia.

7.      Defendant is a for-profit limited liability company organized under the laws of the State of Delaware and maintains its principal place of business in the State of Georgia. Defendant's managers, B.R. Caffey, James Hannan, and Tyler Woolson are all citizens of Georgia at 133 Peachtree Street, NE, Atlanta, Georgia 30303.

8.      The Facility is located at 1400 9th Street, Brunswick, Georgia 31520.

9.      At all relevant times, Defendant, its agents, and its predecessors did and continues to do business in Brunswick, Georgia.

10.     Defendant has at all times relevant hereto exercised control and ownership over the Facility.

## JURISDICTION AND VENUE

11.     This Court has original and subject matter jurisdiction over this action pursuant to Ga. Code Ann. § 15-6-8.

12.     This Court has personal jurisdiction over the Defendant because the Defendant regularly conducts substantial business in Glynn County through its ownership and operation of the Facility.

13.     The Glynn County Superior Court is the proper venue because the Defendant conducts business in this County, and the unlawful conduct alleged herein both occurred and caused harm in this County. Further, the Plaintiffs and Putative Class are residents of this County.

2

## FACTUAL ALLEGATIONS

14.     Defendant operates an industrial cellulose fluff pulp manufacturing mill which is surrounded by private, residential properties.

15.     Plaintiffs reside within two miles of the Facility.

16.     On frequent, recurrent, and intermittent occasions too numerous to list individually, Plaintiffs' properties, including Plaintiffs' neighborhoods, residences, and yards have been, and continue to be, physically invaded by noxious odors.

17.     The noxious odors which entered Plaintiffs' property originated from Defendant's cellulose fluff pulp mill.

18.     Defendant produces large quantities of cellulose fluff pulp at the Facility, a process that involves breaking down wood chips into fiber using heat, chemical treatment, and water through a system of digesters, refiners, evaporators, clarifiers, and boilers.

19.     Defendant's cellulose fluff pulp production process involves the use of sulfate chemicals to break down wood chips into fiber, through which malodorous gas emissions are released.

20.     These malodorous gases primarily take the form of hydrogen sulfide, which has a characteristic rotten egg smell.

21.     The production of cellulose fluff pulp also produces large amounts of waste sludge, which is processed through wastewater treatment at the Facility in a large aerated lagoon.

22.     The noxious odors emitted by both the boiling/chemical treatment processes during production and the waste sludge treatment process can escape the Facility and enter the surrounding residential community if these systems are not properly maintained.

3

23.     On numerous separate and distinct occasions, Defendant has discharged discrete and offensive noxious odors into the private residential properties of Plaintiffs and the Class, causing damages to property.

24.     More than 65 neighboring residents have reported to Plaintiffs' counsel that they have experienced and are adversely impacted by Defendant's noxious odor emissions.

25.     The invasion of Plaintiffs' properties by noxious odors has caused Plaintiffs and the Class substantial harm.

26.     Plaintiff Xenia Blankinship is the owner/occupant of residential property at 3303 Altama Avenue, located within two miles of the Facility.

27.     Plaintiff Xenia Blankinship reported that she "can't go outside and enjoy my life or walk my dogs because of the stench."

28.     Plaintiff Spanline Dixon is the owner/occupant of residential property at 2226 Pinewood Drive, located within two miles of the Facility.

29.     Plaintiff Spanline Dixon reported that "[t]he odor and fumes have been unbearable at times" and that the odors "are still interfering with my health and enjoyment of my home."

30.     Plaintiff Jeffrey Waters is the owner/occupant of residential property at 135 Deloach Street, located within two miles of the Facility.

31.     Plaintiff Jeffrey Waters reported that "the smell coming from that factory is the first thing anyone mentions when they come to Brunswick" and that the smell "effects [sic] our lives every day."

32.     Defendant's history of failing to control its odor emissions is further demonstrated by the following:

4

a.  In 2020, the Georgia Department of Natural Resources Environmental Protection Division ("GEPD") issued a Notice of Violation ("NOV") to Defendant informing them that they had violated their monitoring guidelines set forth in their Operating Permit requiring that they continuously monitor and record Nitrogen Oxides emissions from both the power and recovery boilers by intermittently failing to monitor emissions entirely.

b.  The Glynn Environmental Coalition completed a study through a partnership with the University of Georgia that concluded "the probable source region [of the noxious odor emissions] includes the Georgia Pacific Plant. Over 80% of the complaints were downwind of the Georgia Pacific Plant."

c.  Between December 2020 and December 2021, the GEPD Coastal District reports that there have been 235 air quality complaints, which means there was an odor complaint lodged on over 64% of days throughout the year.

d.  Defendant has acknowledged their contribution to the noxious odors emissions plaguing Plaintiffs and the Class, as Defendant's senior manager of public affairs admitted that "[g]iven the proximity of our Brunswick operation to the location of the complaints along with a review of available meteorological data, we cannot rule out our operation as a potential contributing source of odor in the area"

e.  In November 2021, one of Defendant's employees working at the Facility made an anonymous complaint to the GEPD Air Protection Branch that the bleach plant at the Facility had been releasing chlorine dioxide and on the particular night of the complaint, the employee had observed the bleach plant release a "green cloud."

33.     Defendant's Facility has emitted, and continues to emit, objectionable odors that are detectible outside the bounds of its property.

34.     Defendant's emissions have been dispersed across private and public land throughout the Class Area.

35.     The foul odors emitted from the Facility are offensive, would be offensive to a person of normal sensibilities, and have caused property damages, including by interfering with the ability of Plaintiffs and the Class to use and enjoy their homes and property.

36.     The invasion of Plaintiffs' property and that of the Class by noxious odors has caused physical property damages to private residential property, including diminution of property values, deprivation of Plaintiffs and the Class' enjoyment of the full value of their properties, and substantial and unreasonable interference with the use and enjoyment of their properties.

37.     Glynn County and the Class Area are home to a wide range of commercial and recreational activities including but not limited to dining, industry, construction, retail trade, lodging, ministry, and education.

38.     Plaintiffs and the Class are a limited subset of individuals in Glynn County and the Class Area that includes only owner/occupants and renters of residential property who live within the Class Area and fit within the Class Definition.

39.     Members of the public, including but not limited to businesses, employees, commuters, tourists, visitors, customers, clients, and students, have experienced and been harmed by the fugitive noxious odors emitted from the Facility into public spaces; however, unlike Plaintiffs and the Class, members of the public who are outside of the Class Definition have not suffered damages of the same kind, in the form of diminished property values and/or loss of use and enjoyment of their private property.

6

40.     Defendant's operation, maintenance, control, and/or use of the Facility has caused noxious odors to invade the properties of Plaintiffs, and all others similarly situated, causing property damage.

41.     Defendant negligently, unreasonably, knowingly, intentionally, and/or recklessly failed to properly maintain and/or operate the Facility and caused the invasion of Plaintiffs' property by noxious odors on intermittent and reoccurring dates too numerous to individually recount.

42.     Defendant is vicariously liable for all damages suffered by Plaintiffs caused by Defendant's employees, representatives and agents, who, during the course and scope of their employment created, allowed or failed to correct the problems which caused noxious odors to physically invade Plaintiffs' properties.

**CLASS ALLEGATIONS**

**A.  Definition of the Class**

43.     Plaintiffs bring this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Ga. Code Ann. § 9-11-23. Plaintiffs seek to represent a Class of persons preliminarily defined as:

**All owner/occupants and renters of residential property who have within 4 years of the filing of this complaint, resided within the following geographic area:**

**Beginning at the corner of Gloucester Street and Highway 17.  North on Highway 17 to U.S. Route 25 also known as Golden Isles Parkway.  Northwest on Georgia State Route 303 to the East River coastline.  East River coastline south to Gloucester Street.  East on Gloucester Street to the starting point of Gloucester Street and Highway 17.**

This area is depicted as follows:

7

The proposed class boundary is subject to modification as discovery progresses. Plaintiffs reserve the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

**B. Numerosity**

44.     There are several thousand households in the proposed class. Accordingly, the members of the Class are so numerous that joinder of all parties is clearly impracticable.

45.     Prosecution of separate lawsuits by Class members would risk inconsistent or varying adjudications. Class-wide adjudication of these claims is therefore appropriate.

**C. Commonality**

46.     Defendant has engaged in a uniform and common course of misconduct towards members of the Class, giving rise to questions of both law and fact in common to all Class members, including but not limited to:

8

a. Whether and how Defendant negligently, intentionally, recklessly, and willfully failed to maintain and/or operate the Facility;

b. Whether Defendant owed any duties to Plaintiffs;

c. Which duties Defendant owed to Plaintiffs;

d. Which steps Defendant has and has not taken in order to control its emissions through the maintenance and/or operation of its Facility;

e. Whether and to what extent the Facility's emissions were dispersed over the Class Area;

f. Whether it was reasonably foreseeable that Defendant's failure to properly maintain and/or operate the Facility would result in an invasion of Plaintiffs' property interests;

g. Whether the degree of harm suffered by Plaintiffs and the Class constitutes a substantial and unreasonable annoyance or interference; and

h. The proper measure of damages incurred by Plaintiffs and the Class.

### D. Typicality

47.     The claims of the named Plaintiffs are typical of the claims of all members of the Class. If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories, and see the same type of relief.

48.     The claims of Plaintiffs and the other Class members have a common cause and their damages are of the same type.  The claims originate from the same failures of the Defendant to properly maintain and/or operate the Facility.

9

49.     All class members have suffered injury in fact as a result of the invasion of their properties by noxious odors emitted by Defendant.  The noxious odors emitted by Defendant, interferes with their ability to use and enjoy their homes, has impacted property values, and has deprived the Class of the full value of their properties.

### E.  Adequacy of Representation

50.     Plaintiffs' claims are sufficiently aligned with the interests of the absent members of the Class to ensure that the Class claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class. Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

51.     Plaintiffs have retained the services of counsel who are experienced in complex class action litigation, and in particular class actions stemming from invasions of private property by industrial emissions. Plaintiffs' counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiffs and all absent Class members.

### F.  Class Treatment Is The Superior Method of Adjudication

52.     A class action is superior to other methods of litigation and will provide a fair and efficient method for adjudication of the controversy because:

    a.  Individual claims by the Class members would be impracticable as the costs of pursuit would far exceed what any one Class member has at stake;

    b.  Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

    c.  The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

    d.   The proposed class action is manageable.

## COUNT I

### NUISANCE

53.    Plaintiffs incorporate by reference as if fully set forth herein each and every allegation in the complaint.

54.    Defendant's noxious odor emissions constitutes both a private and public nuisance under Ga. Code Ann. § 41-1-2 and the common law.

55.    Plaintiffs utilized their property as a residence and reside within the Class Area.

56.    Through the operation of the Facility, Defendant processes wood chips to produce cellulose fiber. Defendant's production process involves a system of boilers, digesters, and chemical treatment.

57.    The cellulose fluff pulp production process and the treatment of the resulting waste produces noxious odors, and if the systems are not properly maintained, operated, and/or repaired, these odors can escape into the surrounding private residential community.

58.    By intentionally and/or negligently failing to reasonably design, operate, repair, and/or maintain the Facility, Defendant has caused an invasion of Plaintiffs' property by noxious odors on occasions that are too numerous to individually list herein.

59.    The noxious odors invading Plaintiffs' properties interfere with Plaintiffs' use and enjoyment of their property.

60.    Defendant was aware that the Facility was emitting noxious odors onto neighboring properties yet failed to take reasonably adequate steps to abate the nuisance and the resulting harm substantially certain to follow their invasion of Plaintiffs' property.

11

61.     As a result of the lost use and enjoyment of Plaintiffs' residential land due to Defendant's fugitive noxious emissions, Plaintiffs have suffered additional harm in the form of reduced property values and the loss of the use and/or enjoyment of their property.

62.     Whatever social utility is provided by the Facility is clearly outweighed by the harm suffered by Plaintiffs and the putative Class, who have on numerous occasions been deprived of the full use and enjoyment of their properties and have been forced to endure substantial loss in the use and value of their properties.

63.     As a direct and proximate result of Defendant's intentional and/or negligent conduct in designing, operating, and/or maintaining its Facility, Plaintiffs' properties have been exposed to and invaded by noxious odors.

64.     As a direct and proximate result of the invasion of Plaintiffs' private residential properties by noxious odors, Plaintiffs have suffered damages, including loss of property value and interference with the use and enjoyment of their property.

65.     The public has a right to breathe uncontaminated and unpolluted air in public spaces.

66.     Defendant owed and continues to owe a duty to the public to prevent and abate the interference with, and the invasion of, the free use and enjoyment of public spaces by emitting noxious pollutants into the ambient air.

67.     Separate and distinct from the property damage incurred by Plaintiffs and the putative class, Defendant's emissions have substantially interfered with rights common to the general public, including the right to uncontaminated and/or unpolluted air, causing damages to all those persons who come within the Facility's sphere of operation.

12

68.     Plaintiffs suffered and continue to suffer special harm relating to the use and enjoyment of their land and property, deprivation of the full value of their property, and decreased property values—damages that are of a different kind and are additional to those suffered by the public at large.

69.     Plaintiffs have thus suffered damages both privately and as members of the public who reside within the sphere of operation of Defendant's Facility.

70.     Plaintiffs did not consent to noxious odors entering upon their property.

71.     Defendant's substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property constitutes a nuisance for which the Defendant is liable to Plaintiffs for all damages arising from such nuisance, including compensatory and injunctive relief, not inconsistent with Defendant's state and/or federal regulatory obligations.

## COUNT II

### TRESPASS

72.     Plaintiffs incorporate by reference as if fully set forth herein each and every allegation in the Complaint.

73.     In maintaining, operating, and/or controlling the Facility, Defendant caused noxious odor emissions to invade the private residential property of Plaintiffs.

74.     Defendant intentionally, recklessly, negligently, and/or unlawfully failed to abate the nuisance odors that they knew were invading Plaintiffs' residential property.

75.     As a result, Plaintiffs suffered substantial damages to property in the form of diminution in property values and loss of use and enjoyment of their property.

76.     Defendant's invasion of Plaintiff's land thus caused substantial damages and infringed on Plaintiffs' right to exclusive possession of their property.

13

77.     With "[t]he right of enjoyment of private property being an absolute right of every citizen," Defendant's unlawful interference with Plaintiffs' right of enjoyment by causing noxious odors to invade their private property constitutes a trespass. Ga. Code Ann. § 51-9-1 (2022).

## COUNT III

## NEGLIGENCE

78.     Plaintiffs incorporate by reference as if fully set forth herein each and every allegation in the Complaint.

79.     In maintaining, operating, and/or controlling the Facility, Defendant has a duty to Plaintiffs and the Class, as neighboring holders of private residential property interests, to exercise ordinary care and diligence so that noxious odors do not invade their properties.

80.     Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly maintained and/or operated its Facility and knew, or should have known, that such actions would cause Plaintiffs' property to be invaded by noxious odors.

81.     Defendant's breaches of its duties to Plaintiffs and the Class include, but are not limited to:

   a. Defendant has failed to properly maintain or operate its paper pulp production machinery and/or associated systems related to drying, digesting, filtration, treating, venting, and wastewater treatment;

   b. Defendant has failed to properly maintain and/or operate its nitrogen oxide monitoring systems, particularly regarding monitoring of recovery and power boiler systems where such emissions are likely to escape;

   c. Defendant has failed to operate and/or properly maintain its aerated lagoon that treats waste sludge from the wood pulp digesting process; and

14

     d. Defendant has breached its duties in additional ways to be determined during discovery.

82.     As a direct and proximate result of the failure of Defendant to exercise ordinary care, Plaintiffs' residential properties have been physically invaded by noxious odors.

83.     As a direct and proximate result of Defendant's negligence in operating and/or maintaining its Facility, Plaintiffs' properties have been exposed to and invaded by noxious odors.

84.     As a direct and proximate result of the invasion of Plaintiffs' private residential properties by noxious odors, Plaintiffs have suffered physical property damage, including through diminution in property value, deprivation of full value of property, and interference with use and enjoyment of property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

A. Certification of the proposed Class pursuant to Ga. Code Ann. 9-11-23 (2022);

B. Designation of Plaintiffs as representatives of the proposed Class and designation of their counsel as Class Counsel;

C. Judgment in favor of Plaintiffs and the Class members and against Defendant;

D. Award Plaintiffs and the Class members compensatory damages arising from the property damages they suffered and any recoverable attorneys' fees and costs, including pre-judgment and post-judgment interest thereupon;

15

E. Injunctive relief not inconsistent with Defendant's federally and state enforced air
   permits;

F. An Order holding that entrance of the aforementioned noxious odors upon Plaintiffs'
   property constituted negligence and nuisance; and

G. Such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues raised in this Complaint.

Dated: October 20, 2022              Respectfully submitted,

/s/Mario A. Pacella
GA Bar No. 558519
Mario Pacella
STROM LAW FIRM
1612 Newcastle, Suite 201
Brunswick, GA 31520
P.O. Box 1635 (mailing)
Brunswick, GA 31521
(912) 264-6465
mpacella@stromlaw.com

/s/Steven D. Liddle
Steven D. Liddle*
Nicholas A. Coulson*
LIDDLE SHEETS COULSON PC
*Pro Hac Vice to be submitted*
975 E. Jefferson Avenue
Detroit, MI 48207
(313) 392-0015
sliddle@lsccounsel.com
ncoulson@lsccounsel.com

*Attorneys for Plaintiffs & the Putative Class*

16

NOV 0 7 2022